UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

FELICIA F. P.,

             Plaintiff,

    v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

             Defendant.

Case No. 3:21-cv-00889-AR

**OPINION AND ORDER**

_____

**ARMISTEAD, Magistrate Judge**

      In this judicial review of the Commissioner's final decision denying Social Security

benefits, Felicia F. P. (her last name omitted for privacy) alleges that the Administrative Law

Judge (ALJ) improperly discounted her subjective symptom testimony and improperly evaluated

the opinions of Audrey Ann Crist, M.D., and Katherine R. Streilich, M.D., who are her primary

care physician and cardiologist, respectively. (Pl.'s Br. at 5-20, ECF No. 12.) Plaintiff argues that

the ALJ failed to provide specific, clear and convincing reasons backed by substantial evidence

Page 1  – OPINION AND ORDER

for discounting her testimony because the rationale was not adequately linked to specific evidence. Plaintiff also argues that the ALJ failed to explain how Drs. Crist's and Streilich's opinions are unsupported or inconsistent with other record evidence, and thus erred in finding them unpersuasive. As explained below, the ALJ's decision is reversed and remanded for further proceedings.[1]

## BACKGROUND AND ALJ'S DECISION

Plaintiff applied for a period of disability and Disability Insurance Benefits (DIB) under Title II, and Supplemental Security Income (SSI) under Title XVI, alleging disability that began on November 30, 2017. (Tr. 18.) Her claims, which were denied initially and upon reconsideration, were considered by the ALJ at a hearing on March 19, 2020. At the hearing, plaintiff amended her alleged onset date to November 18, 2018. (Tr. 18.) In denying plaintiff's applications, the ALJ followed the five-step sequential evaluation process.[2] The ALJ found that plaintiff meets the insured status requirements through December 31, 2020, and at step one, that she has not engaged in substantial gainful employment since November 30, 2017. (Tr. 21.) At step two, the ALJ determined that she has the following severe impairments: chronic heart failure; chronic obstructive pulmonary disease (COPD); bilateral knee arthritis; obesity; asthma;

---

[1]     This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3), and all parties have consented to jurisdiction by magistrate judge under Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c).

[2]     To determine a claimant's disability, the ALJ must apply a five-step evaluation. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the ALJ finds that a claimant is either disabled or not disabled at any step, the ALJ does not continue to the next step. *Id.*; *see also Parra v. Astrue*, 481 F.3d 742, 746–47 (9th Cir. 2007) (discussing the five-step evaluation in detail).

and obstructive sleep apnea. (Tr. 21.) At step three, the ALJ found that plaintiff does not have an impairment, or combination of impairments, that meet or medically equal a listed impairment.

As for the ALJ's assessment of plaintiff's RFC, 20 C.F.R. §§ 404.1545, 416.945, the ALJ determined that she can perform light work and has the following additional limitations: she can lift and carry 20 pounds occasionally, and can lift and carry 10 pounds frequently; she can stand and walk for six of eight hours and can sit for more than six hours in a workday with normal breaks; she can occasionally climb ramps and stairs; she cannot climb ladders, ropes, or scaffolds; she can frequently stoop; she can occasionally kneel, crouch, and crawl; she must avoid concentrated exposure to extreme cold; she must avoid even moderate exposure to fumes, odors, dust, gases, and poorly ventilated areas; she must avoid even moderate exposure to workplace hazards, such as unprotected heights and moving machinery; and a bathroom must be on premises. (Tr. 24-25.) At step four, the ALJ found that plaintiff can perform her relevant past work (PRW) as a childcare worker and mail clerk and, therefore, she is not disabled under the Act. (Tr. 29.) The ALJ did not make alternative step-five findings. (Tr. 30.)

On review, the Appeals Council disagreed with the ALJ's step-four determination. (Tr. 5.) The Appeals Council concluded that, based on plaintiff's testimony and her earnings report, the childcare worker job does not qualify as PRW. (Tr. 5.) The Appeals Council also found that plaintiff worked as a grocery store clerk from November 2016 through December 2017, that the job qualifies as PRW, and that plaintiff performed the job at the light exertional level. (Tr. 5.) Based on its review of the record and hearing transcript, the Appeals Council concluded that plaintiff can perform her PRW as a grocery store clerk and thus was not disabled at any time through the date of hearing. (Tr. 6-7.)

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation and citation omitted). To determine whether substantial evidence exists, the court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014).

## DISCUSSION

A.    *The ALJ Failed to Provide Clear and Convincing Reasons to Discount Plaintiff's Subjective Symptom Testimony*

To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must perform two stages of analysis. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The first stage is a threshold test in which the claimant must produce objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged. *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). At the second stage, absent affirmative evidence that the claimant is malingering, the ALJ must provide clear and convincing reasons for discounting the claimant's testimony regarding the severity of the symptoms. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).

The ALJ must make findings that are sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Brown-Hunter v.*

*Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). Factors the ALJ may consider when making such credibility determinations include the objective medical evidence, the claimant's treatment history, the claimant's daily activities, and inconsistencies in testimony. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2013).

In a December 2017 disability and function report, plaintiff stated that she is limited due to congestive heart failure, chronic arthritis in both knees, emphysema, high blood pressure, and sleep apnea. (Tr. 219, 235.) Plaintiff indicated that she is limited in her ability to lift, squat, bend, walk, kneel, climb stairs, see, remember, concentrate, and understand. (Tr. 235.) Plaintiff stated that she can walk two blocks before needing to rest, and that her medications cause dizziness, weakness, blurred vision, and migraine headaches. (Tr. 235-36.) Plaintiff also reported needing reminders to take medications, difficulty with self-care, and difficulty completing household tasks because she needs frequent breaks due to fatigue, weakness, pain, and stiffness. (Tr. 232, 271.)

At the hearing, plaintiff amended her alleged onset date from November 30, 2017 to November 18, 2018. (Tr. 46, 66.) At the hearing, plaintiff testified that she stopped working part-time as a grocery store checker because of her health, noting that it had become difficult to walk across the parking lot, that she was exhausted standing for extended periods, and that she needed extra bathroom breaks. (Tr. 47-48.) Plaintiff testified that after being hospitalized for heart problems in October 2017, she returned to work at the grocery store with lighter duties in December 2017, and that her light duties continued until she was terminated in November 2018 for not checking the identification of a minor. (Tr. 52, 49.) Plaintiff stated that her breathing limitations were worsening in 2019 with increased fatigue, difficulty climbing stairs, and

difficulty carrying more than five pounds. (Tr. 53.) Plaintiff testified that she naps everyday due to fatigue. (Tr. 53.) Plaintiff explained that she is prescribed a diuretic to prevent fluid retention in her extremities and lungs, and that she needs to use the restroom between 30 and 70 times per day. (Tr. 55.) Plaintiff further testified that due to her asthma and COPD, any strong odors will cause her to cough. (Tr. 56.)

The ALJ discounted plaintiff's subjective symptom testimony for four reasons: (1) it is inconsistent with her activities; (2) the severity of plaintiff's COPD and asthma are undermined by plaintiff's continued smoking; (3) she failed to use a CPAP machine for her sleep apnea; and (4) it is inconsistent with the objective medical record. (Tr. 25-26.) The Commissioner argues that the ALJ's reasons are fully supported by substantial evidence in the record, and thus provide specific, clear and convincing reasons to discount plaintiff's testimony.

    1.  *daily activities*

An ALJ may rely on daily living activities as a basis for discounting subjective symptoms if the claimant's activities contradict her testimony or meet the threshold for transferable work skills. *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012); *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). For daily activities to discount subjective symptom testimony, the activities need not be equivalent to full-time work; it is enough that the claimant's activities "contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113. Claimants do not, however, need to be utterly incapacitated to receive disability benefits, and an ability to complete certain routine activities is insufficient to discount subjective symptom testimony. *See id.* at 1112-13 (noting that a "claimant need not vegetate in a dark room in order to be eligible for benefits" (quotation marks omitted)).

The ALJ discounted plaintiff's subjective symptom testimony because she can cook meals, wash dishes, wash laundry, vacuum, sweep, mop, make beds, drive a car, grocery shop every other week, and manage her own finances. (Tr. 25-26.) Here, the ALJ did not explain how plaintiff's ability to perform basic household chores undermines her testimony, leaving the court to guess. (Tr. 25-26.) The ALJ did not find that plaintiff spent a "substantial" portion of her day engaged in household chores or that these activities are transferrable to a work environment. *Ghanim*, 763 F.3d at 1165; *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) ("[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony."). Because the ALJ did not connect these activities to any symptom or the degree of any symptom alleged by plaintiff, this fails to provide a specific, clear and convincing basis upon which to discount plaintiff's subjective symptom testimony.

The ALJ also discounted plaintiff's testimony about the severity of her heart condition because she returned to work in 2017 following her two hospitalizations. (Tr. 26.) Plaintiff argues her ability to return to work does not undermine her allegations of disability because she returned to work with limitations on standing, lifting, and stair climbing. (Pl.'s Br. at 11.) Plaintiff highlights that after being diagnosed with congestive heart failure, she did not perform substantial gainful activity and that working a modified, part-time schedule is not inconsistent with her allegations. (*Id.*) In the Commissioner's view, plaintiff's ability to return to work for nearly a year, even with restrictions and on a part-time basis, undermines her allegation that her heart condition is disabling. (Def.'s Br. at 5, ECF No. 16.)

The court concludes that plaintiff's ability to work part-time with restrictions is not a clear and convincing reason to discount her testimony. The record shows that in 2017, plaintiff

worked around 12 hours weekly, which is less than substantial gainful activity. (Tr. 66.) Plaintiff

testified at the hearing that she took leave protected by the Family Medical Leave Act after her

hospitalizations. (Tr. 52.) Plaintiff reported that after her 2017 hospitalizations, her employer

gave her easier job duties, restricted her lifting and carrying, and provided her with extra breaks,

and that despite these accommodations, she continued to miss shifts due to fatigue. (Tr. 66, 260.)

The Commissioner identifies no evidence that plaintiff worked at or above substantial gainful

activity any time after her hospitalizations. *Raul V. v. Kijakazi*, Case No. 20-cv-2014-BGS, 2022

WL 3567008, at *7 (S.D. Cal. Aug. 18, 2022) (finding ALJ erred in discounting claimant's

testimony because he returned to work on limited part-time basis). Based on this evidence, the

court concludes that the ALJ's reasoning is not fully supported by substantial evidence and does

not provide a clear and convincing basis to discount plaintiff's testimony about the severity of

her heart condition.

Next, the ALJ found that plaintiff's ability to walk 1.5 miles four times a week for

approximately 20 minutes undermined the severity of her allegations. (Tr. 26.) The

Commissioner argues that this particular finding undermines plaintiff's subjective allegations of

disabling chronic heart failure. (Def.'s Br. at 6.) This particular finding is supported by

substantial evidence in the record. (Tr. 562.) At an October 17, 2017 follow-up examination with

Arun Kuchela, M.D., plaintiff reported that she regularly exercises four times a week by

"walking 1.5 miles over the course of 20 minutes." (Tr. 562.) At that visit, no changes were

made to her treatment regimen, and Dr. Kuchela instructed plaintiff to follow up in three months

for an echocardiogram. (Tr. 566.) Based on this evidence, the ALJ could reasonably conclude

that plaintiff's congestive heart failure was not as physically limiting as alleged by plaintiff and

appropriately discounted her testimony on that basis. The court concludes, however, that this singular reason does not, on this record, amount to a specific, clear and convincing basis for the wholesale rejection of plaintiff's subjective symptom testimony. Therefore, the ALJ has erred.

    The Commissioner argues that other activities by plaintiff further undermine her allegations. The Commissioner highlights that in May 2019, plaintiff reported to her physical therapist that she was exercising at home and had progressed to walking 10 miles a day. (Tr. 842.) The Commissioner argues that plaintiff's allegations that she is short of breath with any activity and cannot perform any lifting or carrying is contradicted by her reports of walking 10 miles, that she is "somewhat active," and is independent with all activities of daily living. (Tr. 808, 842.)

    The court agrees with the Commissioner that plaintiff's ability to walk 10 miles in May of 2019 appears to undermine her testimony that her congestive heart failure and COPD steadily worsened from 2017 through 2020. (Pl. Br. at 12, ECF No. 12.) Unfortunately, the court is constrained to review the reasons the ALJ asserts. Because the ALJ did not discuss the May 2019 physical therapist's report or reject plaintiff's testimony based on her report that she was walking 10 miles daily, the court may not rely on this *post hoc* rationalization. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (holding the court may not rely on reasons not provided or evidence not discussed by the ALJ).

    *2. smoking*

    The ALJ discussed plaintiff's COPD and discounted plaintiff's subjective symptom testimony about this condition because plaintiff "continu[ed] to smoke cigarettes daily despite medical advice to stop because of its negative effect on her respiratory system." (Tr. 26.)

Contrary to the ALJ's finding, the medical record shows that plaintiff quit smoking in 2012. (Tr. 347 ("STOPPED SMOKING YESTERDAY!!!"); Tr. 562, 592, 833, 880 (stating plaintiff quit smoking in 2012); Tr. 948 (stating plaintiff stopped smoking "many years ago").) Moreover, the Ninth Circuit has cautioned against discrediting claimants who may be so addicted to cigarettes that they continue to smoke "even in the face of debilitating shortness of breath and acute chemical sensitivity." *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). Therefore, the ALJ's rationale is unsupported by substantial evidence and fails to provide a clear and convincing basis to reject plaintiff's testimony.

### 3. CPAP machine

The ALJ discounted plaintiff's subjective symptom testimony because she does not use a CPAP machine despite being diagnosed with sleep apnea. (Tr. 27.) Plaintiff argues that the ALJ erred in discounting her testimony on this basis because there is evidence that she is unable to afford a CPAP machine. The court agrees. Plaintiff was suspected of having disordered breathing due to obstructive sleep apnea in 2013, and a sleep study was ordered. (Tr. 302.) In October 2017, Plaintiff reported to Dr. Kuchela that she has sleep apnea and that it is untreated because she lost her insurance before she could obtain a CPAP machine. (Tr. 562.) Plaintiff reported to Dr. Crist in March 2019 that she needs a CPAP machine, and that she has not followed up. (Tr. 815.) The Commissioner cites no evidence in the record showing that plaintiff can afford a CPAP machine. Thus, the court concludes that the ALJ's finding is not supported by substantial evidence, and that this reason fails to provide a specific, clear and convincing basis for discounting plaintiff's subjective symptom testimony. *Trevizo*, 871 F.3d at 680-81 (providing

ALJ erred in discounting claimant's testimony based on medication noncompliance where evidence showed claimant could not afford medication).

    *4.  inconsistency with medical record*

    Inconsistency with medical evidence may provide a clear and convincing reasons to discount a claimant's testimony, so long as it is not the only reason. *Trevizo*, 871 F.3d at 679. Because the ALJ has failed to provide other clear and convincing reasons sufficient to discount plaintiff's subjective symptom testimony about her limitations, a lack of objective medical evidence cannot supply the sole basis for discounting her testimony. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

    In summary, one portion of the ALJ's findings concerning plaintiff's activities of daily living is supported by substantial evidence; the ALJ's other reasons are not supported by substantial evidence. Based on the court's review of the record, the ALJ's partially supported rationale does not amount to clear and convincing support for the ALJ's adverse determination. Accordingly, the ALJ has erred.

B.    *The ALJ's Evaluation of Plaintiff's Physician's Opinions Is Not Supported by Substantial Evidence*

    For disability claims filed on or after March 27, 2017, new regulations for evaluation medical opinion evidence apply. *Revisions to Rules Regarding the Evaluation of Medical Opinion Evidence (Revisions to Rules)*, 2017 WL 168819, 82 Fed. Reg. 5844, at *5867-68 (Jan 18, 2017). Under those revised regulations, the ALJ no longer "weighs" medical opinions but instead determines which are most "persuasive." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The new regulations eliminate the hierarchy of medical opinions and state that the agency does not defer to any particular medical opinions, even those from treating sources. *Id.*; *see also Woods v.*

Page 11  – OPINION AND ORDER

*Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) ("The revised social security regulations are clearly irreconcilable with our caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant."). Under the new regulations, the ALJ primarily considers the "supportability" and "consistency" of the opinions in determining whether an opinion is persuasive. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability is determined by whether the medical source presents explanations and objective medical evidence to support his or her opinions. *Id.* §§ 404.1520c(c)(1), 416c(c)(1). Consistency is determined by how consistent the opinion is with evidence from other medical and nonmedical sources. *Id.* §§ 404.1520c(c)(2), 416.920c(c)(2).

An ALJ may also consider a medical source's relationship with the claimant by looking at factors such as the length, purpose, or extent of the treatment relationship, the frequency of the claimant's examinations, and whether there is an examining relationship. *Id.* §§ 404.1520c(c)(3), 416c(c)(3). An ALJ is not, however, required to explain how she considered those secondary medical factors unless she finds that two or more medical opinions about the same issue are equally well-supported and consistent with the record but not identical. *Id.* §§ 404.1520c(b)(2)-(3), 416c(b)(2)-(3).

The regulations require ALJs to "articulate . . . how persuasive [they] find all of the medical opinions" and "explain how [they] considered the supportability and consistency factors." *Id.* §§ 404.1520c(c)(b), 416c(b). The court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *See* 42 U.S.C. § 405(g); *Woods*, 32 F.4th at 792 ("Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation

supported by substantial evidence.").

*1.  Dr. Crist*

Plaintiff argues that the ALJ improperly found Dr. Crist's opinion unpersuasive. Plaintiff argues that Dr. Crist's opinion is supported by her own treatment notes and is consistent with medical record, and that the ALJ erred in failing to articulate a basis supported by substantial evidence for finding it unpersuasive. The Commissioner responds that the ALJ appropriately found Dr. Crist's opinion unpersuasive because it is unsupported by her explanations, was based on plaintiff's subjective reports, and is inconsistent with the medical record. (Def.'s Br. at 11.)

Dr. Crist has periodically treated plaintiff since 2009, and Dr. Crist provided a letter opinion dated February 21, 2020. (Tr. 987.) In that letter, Dr. Crist listed plaintiff's diagnoses, and stated that plaintiff has shortness of breath with any level of activity and that she cannot perform any lifting or carrying. (Tr. 987.) Dr. Crist stated that plaintiff requires naps of multiple hours daily due to her severe fatigue, that she has significant pain "at all times" due to radiculopathy, and that significant computer use causes her headaches. (Tr. 987.) Dr. Crist further stated that plaintiff's prescribed diuretic medication causes her urinate constantly. (Tr. 987.) Dr. Crist also completed an attorney-provided medical form dated February 12, 2020, opining that plaintiff would miss work 16 hours a month due to her shortness of breath, pain, and fatigue. (Tr. 990.) Dr. Crist declined to answer any questions on the form concerning plaintiff's ability to perform certain work-related functions. (Tr. 990.)

The ALJ found Dr. Crist's opinions unpersuasive for four reasons. First, the ALJ stated that Dr. Crist's opinion was unpersuasive because the doctor refused to answer most of the questions, saying she "is not trained or certified" in performing these types of workplace

evaluations. (Tr. 28.) The ALJ stated that these reasons demonstrate that Dr. Crist is not familiar with plaintiff's abilities and was unable to "form opinions regarding her ability to work." (Tr. 28.) Second, the ALJ found Dr. Crist's opinion unpersuasive because it is inconsistent with plaintiff's ability to perform a wide variety of daily activities. (Tr. 28.) As support, the ALJ cited plaintiff's ability to drive a car, shop for groceries, cook, clean, and manage her finances. (Tr. 28.) Third, the ALJ found that Dr. Crist's opinions appeared to be based on plaintiff's subjective complaints rather than objective evidence. (Tr. 28.) Fourth, the ALJ found that the medical record as whole did not support Dr. Crist's opinion. (Tr. 28.)

The court concludes that the ALJ's evaluation of Dr. Crist's opinion is deficient because the ALJ did not adequately discuss the supportability and consistency factors and failed to articulate an explanation that is supported by substantial evidence. *Woods*, 32 F.4th at 792 (holding that an ALJ can "reject an examining or treating doctor's opinion as unsupported or inconsistent" if the ALJ "provide[es] an explanation supported by substantial evidence"). Although "the new regulations eliminate the previous hierarchy of medical opinion testimony that gave special status to treating physicians, ALJs must still provide sufficient reasoning for federal courts to engage in meaningful appellate review." *Shannon B. v. Comm'r, Soc. Sec. Admin.*, Case No. 6:21-cv-01144-HL, 2023 WL 371650, at *5 (D. Or. Jan. 24, 2023) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (explaining that "a reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection" of certain evidence), and *Treichler*, 775 F.3d at 1103 ("Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence.").)

With respect to the supportability factor, the ALJ ignored Dr. Crist's treatment records, and rejected Dr. Crist's opinions because Dr. Crist refused to answer questions prompted on the attorney-provided form. An ALJ is not required to accept the opinion of a physician if it is brief, conclusory, or inadequately supported by clinical findings. *Ford*, 950 F.3d at 1154. However, an ALJ errs when he or she "fail[s] to recognize that the opinions expressed in check-box form . . . [a]re based on significant experience . . . and supported by numerous records." *Garrison*, 759 F.3d at 1013. Here, the ALJ did not articulate whether Dr. Crist's proffered limitations – that plaintiff would miss 16 hours per month, needs extra bathroom breaks, and has shortness of breath with any activity – are supported by or conflict with Dr. Crist's underlying treatment records. Instead, the ALJ summarily concluded that Dr. Crist is not familiar with plaintiff's limitations.

Compounding this error, the ALJ summarily found that Dr. Crist's opinions are not supported by objective evidence in the record as a whole without identifying or discussing any records supporting this sweeping finding. By omitting any explanation as to how Dr. Crist's own records – or any other medical evidence – do not support these opinions, the ALJ fails to comply with the new regulations and deprives this court of the ability to meaningfully review whether the ALJ's analysis of the supportability factor is supported by substantial evidence. *See Shannon B.*, 2023 WL 371650, at *5 (holding ALJ erred by failing articulate how supportability and consistency factors were considered); *Woods*, 32 F.4th at 792 (holding ALJ must articulate how it considered the supportability and consistency factors); *Garrison*, 759 F.3d at 1012-13 ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive,

or criticizing it with boilerplate language that fails to offer a substantive basis for his

conclusion.").

Turning to the consistency factor, the ALJ states that Dr. Crist's opinions are inconsistent

with plaintiff's daily activities and appear to be based on plaintiff's subjective complaints. An

ALJ may discount a physician's opinion if it is "based 'to a large extent' on a claimant's self-

reports that have been properly discounted as incredible." *Tommasetti*, 533 F.3d at 1041. As

discussed above, however, the court has concluded that the ALJ's reasons for rejecting plaintiff's

subjective symptom testimony, and specifically the ALJ's rationale concerning her activities of

daily living, are not supported by substantial evidence.[3]  Therefore, the ALJ may not simply

point to this flawed analysis to discount Dr. Crist's testimony. *Mahmood v. Comm'r Soc. Sec.*

*Admin.*, 61 F. Supp. 3d 982, 989-90 (D. Or. 2014) (concluding ALJ erred in rejecting physicians'

opinions premised on claimant's activities of daily living where those reasons were not

supported by substantial evidence).

Additionally, because the ALJ has not provided a discussion of Dr. Crist's treatment

records, it is not clear whether Dr. Crist's opinions are based more heavily on plaintiff's

subjective statements or on Dr. Crist's own clinical observations in concluding that plaintiff

would miss work two days a month, has shortness of breath with any activity, and needs extra

restroom breaks. *Ryan v. Comm'r Soc. Sec.*, 528 F.3d 1194, 1200 (9th Cir. 2008). Because it is

not clear that Dr. Crist disbelieved plaintiff's subjective complaints and the ALJ failed to discuss

---

[3]      The Commissioner contends that Dr. Crist's opinions are inconsistent with plaintiff's
reported activity of engaging in a home exercise program and walking up to 10 miles a day.
(Def.'s Br. at 13 (citing Tr. 842).) The court may review only the reasons provided by the ALJ
and cannot affirm a decision based on grounds not supplied by the ALJ. *Revels v. Berryhill*, 874
F.3d 648, 654 (9th Cir. 2017).

the treatment records, the ALJ's findings are not supported by substantial evidence. And, as noted, the ALJ did not perform any analysis of whether Dr. Crist's records are consistent with other medical record evidence, leaving the court unable to undertake a meaningful appellate review of the consistency factor. Accordingly, the court concludes that the ALJ's consideration of the consistency factor is not supported by substantial evidence and the ALJ has erred. *Shannon B.*, 2023 WL 371650, at *5 (holding ALJ erred by failing to "engage in a meaningful evaluation of the consistency of Dr. Sorweide's opinion with any particular aspects" of other opinion testimony, and deprived court of ability to conduct a "meaningful review" about inconsistency factor).

> 2. *Dr. Strelich*

On April 13, 2020, Dr. Strelich completed an attorney-provided medical form in which she provides that she has been one of plaintiff's cardiologists since October 2017, has treated plaintiff's congestive heart failure, and that plaintiff's primary symptom is shortness of breath. (Tr. 993.) Dr. Strelich opined that due to plaintiff's congestive heart failure, her concentration and attention would be impaired by 10 percent, that she would miss 16 hours of work per month due to flares of her symptoms, and that she has marked limitations in her physical activity due to fatigue, palpitation, shortness of breath, and anginal discomfort. (Tr. 993-94.) Dr. Strelich did not complete questions concerning functional work limitations. (Tr. 994.)

The ALJ found Dr. Strelich's opinion unpersuasive because: (1) Dr. Strelich did not complete most of the questions; (2) the opinion appears based on plaintiff's subjective complaints; (3) Dr. Strelich provided little analysis of plaintiff's limitations; and (4) the record as a whole does not support the severity of the opinion. (Tr. 28.)

Plaintiff argues that the ALJ erred in finding Dr. Strelich's opinion unpersuasive, arguing that the ALJ provided only boilerplate reasons, unsupported by analysis. The Commissioner responds that the ALJ's determination that Dr. Strelich's opinion is unpersuasive is backed by substantial evidence. The Commissioner contends that the ALJ discussed plaintiff's congestive heart failure elsewhere in the decision which shows that it is not as severe as Dr. Strechlich opined and was inconsistent with other medical evidence. The court disagrees with the Commissioner.

The Commissioner correctly observes that the ALJ included an analysis of plaintiff's congestive heart failure elsewhere in the decision. (Tr. 26.) The ALJ noted that plaintiff was hospitalized from October 5 to October 8, 2017, after presenting to the hospital with shortness of breath and difficulty breathing when lying down. (Tr. 26, 606.) Plaintiff was diagnosed with pulmonary edema and congestive heart failure. (Tr. 562.) An echocardiogram showed normal left ventricular size with a reduced ejection fraction of 45 percent, and abnormal EKG findings. (Tr. 562, 606.) As the ALJ noted, plaintiff's pulmonary artery pressures were normal, and she had no significant valvular disease. (Tr. 26, 562.) Plaintiff improved with the use of diuretics and inhalers, and she was discharged with prescriptions for lasix (a diuretic), lisinopril (for hypertension), and carvedilol (a beta blocker). (Tr. 562, 606.) Plaintiff again was hospitalized with chest pain from October 10 to October 11, 2017. (Tr. 562, 577.) An angiogram revealed normal coronary arteries, but mild to moderate left ventricular systolic dysfunction. (Tr. 562, 582, 589.) Plaintiff was again given lisinopril, carvedilol, aspirin, imdur (for chest pain). (Tr. 26, 562.) The ALJ then discussed a May 2019 treatment note stating that plaintiff's heart was normal for rate and rhythm. (Tr. 26, 833.)

The Commissioner contends that based on this analysis, the ALJ satisfied its obligation to articulate how it considered the supportability factor with respect to Dr. Strelich's opinion. Although the ALJ's discussion of the October 2017 evidence is supported by substantial evidence, plaintiff alleges her limitations have worsened since that time, as demonstrated by her amending her disability onset date to November 18, 2018. The May 2019 treatment note is from an emergency room visit for an acute exacerbation of plaintiff's COPD, and the ALJ's discussion of it is not fully supported by substantial evidence. (Tr. 831-35.) The ALJ neither cites nor discusses any of Dr. Strelich's treatment notes dated after October 2017, and thus fails to provide any explanation as to how Dr. Strelich's 2020 opinion is not supported. And, like the discussion of Dr. Crist's opinion, the ALJ broadly declares that "the medical record as a whole" does not support Dr. Strelich's opinion, yet fails to identify or discuss that evidence. (Tr. 28.) This reasoning fails to satisfy the ALJ's regulatory obligation. *Woods*, 32 F.4th at 792 ("Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence."). Thus, the court finds that the ALJ has not complied with the regulations and this court has no basis to conduct a meaningful review of whether the ALJ's conclusions are supported by substantial evidence. *Shannon B.*, 2023 WL 371650, at *5.

Turning to the consistency factor, as with Dr. Crist's opinion, the ALJ's reliance on plaintiff' subjective symptom testimony to discount Dr. Strelich's opinion is flawed. The ALJ did not provide clear and convincing reasons backed by substantial evidence to discount plaintiff's subject testimony, and the ALJ may not rely on this basis to discount Dr. Strelich's opinion. *Mahmood*, 61 F. Supp. 3d at 989-90. Moreover, the ALJ did not undertake an analysis

of other medical record evidence – or identify records – that are inconsistent with Dr. Strelich's opinion. Merely stating Dr. Strelich's opinion is inconsistent with entire record prevents this court from conducting a meaningful review of the ALJ's finding. *Shannon B.*, 2023 WL 371650, at *5. The ALJ's consideration of the consistency factor does not comply with the new regulation and the court cannot conclude it is supported by substantial evidence. Accordingly, the ALJ has erred.

**C.**     ***Remand***

The decision whether to remand for further proceedings or for the immediate payment of benefits lies within the discretion of the court. *Treichler*, 775 F.3d at 1101-02. A remand for award of benefits is generally appropriate when: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed, there are no outstanding issues that must be resolved, and further administrative proceedings would not be useful; and (3) after crediting the relevant evidence, "the record, taken as a whole, leaves not the slightest uncertainty" concerning disability. *Id.* at 1100-01 (internal quotation marks and citations omitted); *see also Dominguez v. Colvin*, 808 F.3d 403, 407-08 (9th Cir. 2015) (summarizing the standard for determining the proper remedy). Even when the credit-as-true standard is met, the district court retains the "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021.

Plaintiff argues that when her testimony and Drs. Crist's and Strelich's opinions are credited, she is limited to sedentary work. In plaintiff's view, further proceedings are unnecessary because she was "closely approaching advanced age" as of her amended onset date.

Plaintiff appears to suggest that application of the Grid rules at step five directs a finding of disability. Plaintiff's argument about the Grids is undeveloped and the court observes that the ALJ did not make alternative step-five findings, instead terminating the sequential evaluation at step four.

Remanding for further proceedings is the proper course here. The court concludes that the ALJ's evaluation of the medical evidence and of plaintiff's subjective symptom testimony is not supported by substantial evidence, viewing the entire record. The court also finds that the record contains conflicts and ambiguities, including evidence about plaintiff's abilities that were not discussed by the ALJ. The ALJ's evaluation of the medical evidence after 2017 was deficient, and thus is unclear whether plaintiff's congestive heart failure and COPD worsened after November 2018. Therefore, remanding for further proceedings would serve a useful purpose. On remand, the ALJ must: (1) conduct a *de novo* review of the medical opinion evidence, including those of Drs. Crist and Strelich, and any other medical evidence plaintiff may choose to submit in support of her application; (2) reassess plaintiff's subjective symptom testimony *de novo* and accept the limitations described therein or provide specific, clear and convincing reasons for their rejection; and (3) conduct any further necessary proceedings to complete the record, including offering a new hearing with vocational expert testimony and making a step-five findings if required, and issue a new decision. *Dominguez*, 808 F.3d at 410.

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

**CONCLUSION**

For those reasons, the court REVERSES the Commissioner's final decision and REMANDS this case under 42 U.S.C. § 405(g) sentence four for further administrative proceedings described above.

IT IS SO ORDERED. DATED:

February 14, 2023.

_____
JEFFREY ARMISTEAD
United States Magistrate Judge